IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) |
| | ) CR No. 10-125 |
| v. | ) CV No. 14-477 |
| LIN RASHIED JONES | |

## OPINION AND ORDER

### SYNOPSIS

In this matter, a jury convicted Defendant on one count of possession of a firearm by a felon under 18 U.S.C. 922(g). Subsequently, he was sentenced to a term of imprisonment of 180 months. The United States Court of Appeals for the Third Circuit affirmed the conviction, and the Supreme Court denied certiorari. Presently before the Court is Defendant's Motion pursuant to 28 U.S.C. § 2255. Defendant contends that counsel was ineffective in dealing with a suppression issue regarding a traffic stop involved in his trial. For the following reasons, the Motion will be denied.

### OPINION

I. APPLICABLE STANDARDS

 A. 28 U.S.C. § 2255

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962). "A person seeking to vacate his conviction bears the burden of proof upon each ground presented for

relief." United States v. Keyes, No. 93-22-2, 1997 U.S. Dist. LEXIS 12109, at *2 (E. D. Pa. Aug. 11, 1997).

A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v.Ritter, 93 Fed. Appx. 402 (3d Cir. 2004). Pro se pleadings are to be construed liberally, and I have so considered Defendant's submissions. See United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007). Under these standards, a hearing is unnecessary in this case, and the Motion will be disposed of on the record.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

In the context of an ineffective assistance of counsel claim, a court should be "highly deferential" when evaluating an attorney's conduct; there is a "strong presumption" that the attorney's performance was reasonable. Strickland v. Washington, 466 U.S. 668, 689 (1984). "It is... only the rare claim of ineffectiveness of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." United States v. Gray, 878 F. 2d 702, 711 (3d Cir. 1989).

To demonstrate that counsel was ineffective, a defendant must show that counsel's performance fell below "the wide range of professionally competent assistance" and also that the deficient conduct prejudiced defendant. Strickland, 466 U.S. at 687. Counsel's conduct must be assessed according to the facts of the particular case, viewed as of the time of counsel's conduct. Id. at 689. Under the prejudice prong, the pertinent question is "whether there is a reasonable probability that, absent the errors," the result would have been different. Id. at 695; see also United States v. Gray, 878 F.2d 702, 709-13 (3d Cir. 1989). The prejudice prong of Strickland rests on "whether counsel's deficient performance renders the result of the . . . proceeding

2

fundamentally unfair," or strips the defendant of a "substantive or procedural right to which the law entitles him." Id. at 844.

**III. DEFENDANT'S MOTION**

Defendant contends that counsel should have challenged probable cause; subpoenaed the driver of the vehicle involved in the stop; and obtained the video from the mini-market where the stop occurred, in order to demonstrate that there were no movements inside the vehicle. At trial, counsel challenged the stop and search, challenging both the initial justification for the stop and the ensuing arrest. Following a hearing, this Court denied the suppression motion.

On appeal, Defendant argued that the police officers did not have reasonable suspicion to stop the vehicle. The Court of Appeals affirmed this Court's suppression ruling. In doing so, the Court of Appeals stated that the broken brake light gave the officer reasonable suspicion to make the stop. Thereafter, the officer's non-invasive search of the car, due to ambient lighting and the officer's flashlight, revealed the machine pistol between Defendant's legs. Thus, the weapon fell within the officer's plain view. When discussing the officer's display of his gun in effecting the arrest, the Court of Appeals noted the officer's knowledge of Defendant's criminal history, and observation of Defendant's furtive movements inside the vehicle.

I agree with the Government that Defendant's Motion essentially seeks to relitigate a twice-decided suppression issue. In particular, the question of probable cause for the stop has been explicitly addressed by our appellate court and is no longer subject to attack.[1] A Section 2255 motion cannot be used to relitigate matters decided adversely on direct appeal. United States v. Pelullo, 305 Fed. Appx. 823, 827 (3d Cir. 2009).

---

[1] Defendant argues that an anonymous tip, which the arresting officer claimed to have received, was insufficient justification for the stop. The Court of Appeals, however, found the stop justified, without reference to the anonymous tip.

3

Moreover, it is clear that the remaining two alleged errors cannot meet the <u>Strickland</u> standard. First, the question of movement inside the car is unrelated to the validity of the search. Instead, as the Court of Appeals discussed, Defendant's furtive movements were related to the officer's display of his gun. Thus – and I note that Defendant presents no evidence that the mini-market surveillance system in fact captured the interior of the subject vehicle, or that counsel failed to investigate such a video – that video would not have impacted the suppression ruling. As regards the testimony of Mr. Little, Defendant fails to explain what the content of that testimony would have been, or how the testimony would have impacted the outcome of the suppression hearing or Defendant's trial. To the extent that Defendant discusses Mr. Little's participation in the events that led to Defendant's arrest, there is no suggestion that his information could reasonably have affected the suppression ruling. The fact that Mr. Little went to purchase a new brake light bulb can have no impact on the legal issues at bar.[2] Accordingly, because there is no reasonable probability that the outcome of the suppression hearing or trial would have been altered had counsel acted differently, Defendant has failed to demonstrate prejudice within the meaning of <u>Strickland</u>. Moreover, for similar reasons, I am unable to find that counsel's conduct in pressing the justification issue fell below applicable standards.

IV. **CERTIFICATE OF APPEALABILITY**

Under 28 U.S.C.§ 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." For the reasons stated above, Defendant has not made such a showing. Therefore, a certificate of appealability will not issue.

---

[2] Moreover, according to the transcript at the suppression hearing, Mr. Little's discussion with officers occurred after the stop occurred, and thus do not impact the justification therefor.

## CONCLUSION

I have carefully reviewed Defendant's Motion and contentions, as well as the pertinent record. For the foregoing reasons, Defendant has not demonstrated a fundamental defect or omission of the type contemplated by Section 2255. Accordingly, his Motion will be denied and no certificate of appealability shall issue. An appropriate Order follows.

## ORDER

AND NOW, this 10th day of July, 2014, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Vacate [94] is DENIED, and no certificate of appealability shall issue.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court